UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60085-CIV-ZLOCH

MONICA ALBONIGA, individually
and on behalf of A.M., a minor,

    Plaintiffs,

vs.                                    **O R D E R**

SCHOOL BOARD OF BROWARD COUNTY,
FLORIDA,

    Defendant.
_____/

    THIS MATTER is before the Court upon Defendant School Board of Broward County, Florida's, Motion To Dismiss Plaintiffs' Complaint (DE 4). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Plaintiffs Monica Alboniga, individually and on behalf of A.M., a minor (hereinafter "Plaintiffs") commenced the above-styled cause by filing a Complaint (DE 1), seeking reasonable accommodation through the alteration of Defendant's policies and procedures regarding Plaintiff A.M.'s seizure alert and response dog, detailing of the service dog's participation in the Section 504 plan for A.M.'s care, as well as damages and attorney's fees, pursuant to both Section 504 of the Rehabilitation Act of 1973 (hereinafter "Section 504"), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12131, et seq.

    By the instant Motion (DE 4), Defendant School Board of

Broward County, Florida (hereinafter "Defendant"), asserts that the above-styled cause should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant maintains that the Court has no jurisdiction over this matter because Plaintiffs have failed to exhaust administrative remedies pursuant to the Individuals with Disabilities in Education Act (hereinafter "IDEA"), 20 U.S.C. § 1411, <u>et seq.</u>  Next, Defendant argues that Plaintiffs fail to state a claim upon which relief can be granted because they have no entitlement to the requested relief.

The Court notes that the legal issues raised by Defendant's Motion To Dismiss (DE 4) are more properly addressed in a Motion For Summary Judgment, when discovery may present the Court with a full record upon which it may address and decide said issues.  For instance, the Court notes that Defendant argues for dismissal for lack of subject matter jurisdiction because Defendant claims, and Plaintiffs do not dispute, that Plaintiffs have not availed themselves of administrative remedies required under the IDEA, which states, in pertinent part:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, <u>except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under</u>

> subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l) (emphasis added). Plaintiffs have not brought any claim under any provision of the IDEA; however, Plaintiffs' Complaint (DE 1) mentions that, "At all times material, A.M. had an Individualized Education Plan (IEP) as required by the Individuals with Disabilities Education Act (IDEA)." DE 1, ¶ 7. Here, Plaintiffs argue that their complaint does <u>not</u> raise issues related to the IDEA or A.M.'s IEP, but instead focuses on discriminatory practices of Defendant. One of the types of relief Plaintiffs seek involves "The Board['s] refus[al] to detail Stevie's [the service dog] participation in the Section 504 plan of care notwithstanding the doctor's prescription." DE 1, ¶ 44(d). Defendant's reference to the IEP and Section 504 Plan seems to indicate that Defendant believes the two plans are one and the same: "Plaintiffs [sic] chief complaint is that the provision of a service animal was not placed in the IEP or Section 504 Plan." DE 4, ¶ 3. The Court, noting that the two plans are in fact different, seeks further factual clarity with respect to the service dog's function in the education and medical care of Plaintiff A.M., in order to determine whether exhaustion under the IDEA would be necessary. The Eleventh Circuit requires the Court to assess not merely how plaintiffs seeks to characterize their claims, but, instead, the true nature of the claims and whether or not the relief requested would in fact

3

affect the IEP.  In M.T.V. v. DeKalb County School District, the Court explored the breadth of the IDEA's complaint provision with reference to 20 U.S.C. § 1415(b)(6), which provides a description of complaints contemplated by the statute and  states in pertinent part:

> The procedures required by this section shall include the following: . . .
>
> (6) An opportunity for any party to present a complaint—
>     (A) with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free public education to such child . . .

446 F.3d 1153, 1158 (11th Cir. 2006)(quoting 20 U.S.C. § 1415(b)(6)).  Previously, in Babicz v. School Board of Broward County, the Court adopted the conclusion of the Second and Seventh Circuits that "claims asserted under Section 504 and/or the ADA are subject to Section 1415(l)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA."  135 F.3d 1420, 1422 (11th Cir. 1998).  Factual questions remain with respect to whether relief exists under the IDEA such that Plaintiffs would be required to undertake administrative exhaustion.

Additionally, subsequent supplemental filings by the Parties have raised questions about the precise nature of Defendant's procedures with respect to policies related to insurance for service dogs, and these policies appear to have undergone revision

during the course of the above-styled cause. Reference by the Court to these factual issues should not be construed to limit subsequent discovery and litigation to these issues alone.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant School Board of Broward County, Florida's, Motion To Dismiss Plaintiffs' Complaint (DE 4) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   26th   day of August, 2014.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel Of Record